AUGUSTA LEVY, Plaintiff, v. HENRY L. DOHERTY, Doing Business under the Firm Name of HENRY L. DOHERTY & Co., Defendant.

City Court of New York, New York County, January 21, 1930

*Goodman & Mabel*, for the plaintiff.

*Frueauff, Robinson & Sloan*, for the defendant.

WENDEL, J. This is a motion for summary judgment. On August 26, 1929, plaintiff and defendant entered into the following contract:

" Name Augusta Levy.    Date Aug. 26/29.
(Print full name, not initials)

" To HENRY L. DOHERTY & Co., 60 Wall Street, New York, N. Y.

" The undersigned agrees to purchase, subject to conditions as set forth below, 100 shares of Cities Service Company common stock at 50⅛ per share, $750 paid herewith being initial payment on this order, and agrees to pay $426.25 on the 1st day of each month hereafter, beginning October, 1929, until fully paid for.

" This contract becomes automatically canceled if the purchaser's payments due on the 1st of each month are not made on or before the 1st of the following month; and, in such event, the company will refund the amount theretofore paid, less or plus, as the case may be, the difference between the contract price and the market bid price of the 15th of the month preceding, and less also an amount, as liquidated damages, equal to 10 per cent. of such market bid price.    Interest at the rate of 6 per cent. per annum will be paid on partial payments upon final settlement.    Partial payments may be anticipated.    In no event will the shares be deliverable until 10 months after the date hereof, even though payment in full be theretofore made.

" Subscriber's Signature, AUGUSTA LEVY.

"Address, 755 West End Ave., N. Y. C.

" Salesman's Name, O. BLANKE.

" No provision of this contract may be waived by any agent or representative of Henry L. Doherty & Company."

Pursuant to the terms of said agreement plaintiff paid to defendant $1,176.25.    Plaintiff failed to make the payment of $42.625 which became due on November 1, 1929, and has since failed to

make such payment. Plaintiff contends that the automatic cancellation resulted from the failure to make the payment due on November first and that the market bid price of the fifteenth of October is the basis of adjustment. Defendant urges that the default and consequent cancellation took place on December 1, 1929, and, accordingly, the market bid price of November fifteenth is the proper basis of computation.

The record on this motion shows the following market bid prices of these shares on the following dates: On August 26, 1929, when the contract was made, fifty and one-eighth dollars; on October 15, 1929 (conceded on the argument), sixty-seven and one-quarter dollars; on November 15, 1929 (admitted in the pleadings), twenty-eight dollars.

While the parties stipulated that " the contract becomes automatically canceled if the purchaser's payments due on the 1st of each month are not made on or before the 1st of the following month," they failed in their agreement to point out the specific day when the cancellation was to take place. It must be assumed that cancellation happened on default. The point in issue, therefore, is, When did the default occur? " * * * Unless ye utter by the tongue speech easy to be understood, how shall it be known what is spoken? " (1 Cor. xiv, 9.)

An equitable construction of this provision must be sought. To hold, as contended by plaintiff, that the default took place when she failed to make the payment due on November first, and that the market bid price of October fifteenth should govern, would enforce a contract that permitted the plaintiff to speculate upon the rise or fall of the market price of the stock purchased. By failing to pay on November first she could let the month of arrears pass and then, just before non-payment took the form of a default, she could avoid such default if the market bid price was ascending, and conversely, in a descending market, she could suffer a default on December first and then claim the greater bid price of October fifteenth. This would place the defendant at the disadvantage of being charged with the bid price of six weeks prior and make him the victim of an unfortunate market fluctuation of that longer period. It may not be reasonably asserted that this was the intention of the parties; the court cannot lend itself to such an interpretation.

A view more consonant with fair dealing and which carries into effect the intendment of the parties, as expressed in the language employed by them, is that which holds that while the monthly installment became due on November first, there was no default until the expiration of the month of arrears. Then on December 1, 1929, the installment remaining unpaid, the contract became

automatically canceled pursuant to its provision for cancellation, and the " preceding month " must be taken to mean November. Up to December first the mutual rights and obligations of the parties, as agreed upon in case of cancellation, had not taken form; they were inchoate and unenforcible; the power to continue or terminate the contract during the month of arrears was entirely with the plaintiff. Therefore, the default occurring on December 1, 1929, and the market bid price of November 15, 1929, having been twenty-eight dollars, there is nothing due plaintiff from defendant.

Motion denied. Order signed and filed.